IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUAN CASTANEDA, JR.,
      Petitioner,

vs.                                     Case No.:  3:12cv320/RV/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 17).  The court directed Petitioner to file a response to the motion to dismiss (*see* doc. 18), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant procedural history of this case is established by the state court record (doc. 17).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2008-CF-3116, with one count of home invasion robbery (Count 1) and one count of aggravated battery upon a person 65 years of age or older with great bodily harm (Count 2) (Ex. A at 1).  On April 15, 2009,

_____

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (doc. 17).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Petitioner entered a "straight up" no contest plea to the charges (*id.* at 11–17, 22–26). On May 21, 2009, the court adjudicated Petitioner guilty and sentenced him to concurrent terms of twenty-five (25) years of imprisonment, with a three-year mandatory minimum sentence on Count 2, with pre-sentence jail credit of 332 days (*id.* at 47–81, 97–104).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D09-3003 (Ex. A at 107, Ex. B). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (Ex. B). The First DCA granted Petitioner leave to file a pro se initial brief (Ex. C), but he declined to do so. The First DCA affirmed per curiam without written opinion on December 7, 2009, with the mandate issuing January 5, 2010 (Ex. D). Castaneda v. State, 23 So. 3d 1183 (Fla. 1st DCA 2009) (Table). Petitioner did not seek further review.

On February 16, 2011, Petitioner, through counsel, filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in which he raised two claims of ineffective assistance of trial counsel[2] (Ex. E at 1–8). The state circuit court summarily denied the motion in an order rendered June 23, 2011 (*id.* at 9–15). Petitioner appealed the decision to the First DCA, Case No. 1D11-4117 (Ex. E at 75, Ex. F). The appellate court affirmed per curiam without written opinion on October 31, 2011, with the mandate issuing November 29, 2011 (Ex. H). Castaneda v. State, 75 So. 3d 271 (Fla. 1st DCA 2011) (Table).

Petitioner filed his federal habeas petition on June 22, 2012 (doc. 1 at 12).[3] In Grounds One, Two, Three, and Five, Petitioner contends he received ineffective assistance of counsel during the plea process, based upon counsel's misadvising him as to the length of sentence he would receive if he entered a "straight up" plea, and counsel's failing to investigate the evidence (*id.* at 4–7). In Grounds Four, Six, and Seven, Petitioner contends he received ineffective assistance of counsel during the first post-conviction proceeding, based upon counsel's (1) failing to investigate the

---

[2] In Ground One, Petitioner claimed counsel misled him as to what his probable sentence would be, and in Ground Two he alleged that counsel performed ineffectively at Petitioner's sentencing hearing (*see* Ex. E at 1–8).

[3] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

proceedings, file relevant parts of the record, or file an appellate brief following the circuit court's summarily denying the Rule 3.850 motion, and (2) failing to advise him she was previously investigated for filing fraudulent attorney time records in federal court (*id.* at 5, 8–10).  In Ground Eight,[4] Petitioner contends he received ineffective assistance of counsel on direct appeal, based upon counsel's failing to research the record and raise valid issues for appeal, including, challenges to the voluntariness of his plea and the sufficiency of the evidence to support a conviction (*id.* at 11)

On November 28, 2012, Petitioner filed a second Rule 3.850 motion in the state circuit court (Ex. I at 1–21).  The state court dismissed the motion as untimely on March 19, 2013 (*id.* at 22–24). Petitioner appealed the decision to the First DCA, Case No. 1D13-2026 (*id.* at 51–52).  That appeal is still pending.

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] Petitioner labeled two claims as "Count Seven" (doc. 1 at 9, 11).  The court will refer to the second "Count Seven" as Ground Eight.

Section 2244(d)(1). Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 17 at 2).

Liberally construing Petitioner's allegations, he appears to suggest that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(C), "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" (doc. 1 at 6). He asserts that on March 21, 2012, the Supreme Court decided Missouri v. Frye, — U.S. —, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, — U.S. —, 132 S. Ct. 1376 (2012). He contends the holdings of those cases announced a new rule of constitutional law (*id.*).[5]

Respondent contends neither Lafler nor Frye recognized a new constitutional right; rather, the Supreme Court merely applied the Sixth Amendment right to counsel, as defined in Strickland v. Washington, 466 U.S. 668 (1984), to a specific factual context (doc. 17 at 4–6). Respondent cites In re: Michael Perez, 682 F.3d 930, 932–34 (11th Cir. 2012) in support of this position (*id.* at 4–5). In Perez, the Eleventh Circuit held that Frye and Lafler did not announce new rules of constitutional law for purposes of § 2255(h)(2)[6]; rather, the decisions were dictated by Strickland and merely clarified that the Sixth Amendment right to effective assistance of counsel under Strickland extended to negotiation and consideration of plea offers that lapsed or were rejected. Perez, 682 F.3d at 932–34. The Eleventh Circuit observed that any doubt as to whether Frye and Lafler announced

---

[5] In Frye, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the Strickland standard. 132 S. Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.*

In Lafler, the only question addressed by the Court was the appropriate remedy where a defendant has shown that ineffective assistance of counsel caused the rejection of a plea leading to a trial and a more severe sentence. 132 S. Ct. at 1388.

[6] Section 2255(h)(2) provides that a defendant may not file a second or successive § 2255 motion in the district court unless the appropriate court of appeals certifies that the motion contains a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

new rules of constitutional law was eliminated because the Supreme Court decided the cases in the post-conviction context and held that the state court decisions in both cases were "contrary to . . . clearly established Federal law," under the AEDPA, 28 U.S.C. § 2254(d)(1). *Id.* at 933–34 (citing Frye, 132 S. Ct. at 1405; Lafler, 132 S. Ct. at 1383–84). The Eleventh Circuit stated, "To be 'clearly established Federal law' within the meaning of AEDPA, the rule applied in Lafler must, by definition, have been an old rule under Teague [v. Lane, 489 U.S. 288 (1989)]." *Id.* at 933 (quoting 28 U.S.C. § 2254(d)(1)).

In light of Perez, the undersigned concludes that Lafler and Frye did not recognize a new constitutional right for purposes of § 2244(d)(1)(C). Therefore, Petitioner failed to demonstrate that § 2244(d)(1)(C) is the appropriate statutory trigger for the federal limitations period. Petitioner does not argue he was prevented from filing his federal petition by State action in violation of the Constitution or laws of the United States, *see* § 2244(d)(1)(B), or that he could not have discovered, with due diligence, the factual predicate of his cognizable claims prior to the date his conviction became final, *see* § 2244(d)(1)(D).[7] Therefore, the statute of limitations will be measured from the remaining statutory trigger, that is, the date the judgment became final, pursuant to § 2244(d)(1)(A).

The First DCA affirmed the judgment on December 7, 2009. Petitioner did not seek further review; therefore, his conviction became final upon expiration of the ninety-day period for doing so, March 8, 2010. *See* Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate). Petitioner had one year from that date, or until March 8, 2011, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

---

[7] Petitioner's Grounds Four, Six, and Seven are not cognizable in this § 2254 proceeding. In those claims, he asserts claims of ineffective assistance of counsel during the first state post-conviction proceeding (doc. 1 at 5, 8–10). Section 2254 provides, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On February 16, 2011, after **344 days** of the federal limitations period expired, Petitioner filed a Rule 3.850 motion. Respondent concedes this was a tolling motion (doc. 17 at 2–3). The post-conviction application was pending until November 29, 2011, upon issuance of the First DCA's mandate affirming the lower court's decision. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of postconviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period expired **21** days later, on December 21, 2011 (**344 + 21 = 365**). Petitioner's federal petition, filed June 22, 2012, was thus untimely.

Petitioner does not allege any grounds for tolling of the limitations period, nor does he allege he is entitled federal review of his claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 17) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of July 2013.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**